Meredith Estate

 On exceptions before Pawelec, Adm. J., Gutowicz, Bruno, Silverstein, Klein and Shoyer, JJ.

*William A. Bonner*, for accountant.

*James R. Beam*, for Gary B. Detwiler.

*Edward A. de Cindis*, for Nancy D. Thomas.

*Joseph L. Higgins*, for Luke D. Vande Mark.

*D. Rodman Eastburn*, for Shirley D. Snyder

*Marvin I. Block*, for Commonwealth.

ADJUDICATION BY SILVERSTEIN, J., FEB. 25, 1980:

Edith D. Meredith, a/k/a Edith Mae Meredith, Edith Mae Detwiler Meredith and Edith Detwiler Meredith, died July 25, 1977, leaving a will dated August 10, 1937. The executrix named in the will because of physical incapacity renounced, and letters of administration c.t.a. were granted on September 8, 1977 to Harry L. Detwiler, and proof of advertisement thereof is annexed.

The decedent was not survived by a spouse or issue.

The problem presented arises out of Clause II of the will which provides:

"All the rest, residue and remainder, I give, devise and bequeath to my beloved mother, Mrs. Carrie Detwiler, absolutely in fee. In the event that my said mother should predecease me then all of the said rest, residue and remainder of my estate I give, devise and bequeath to those of my nieces and nephews (children of my brothers or sisters) who are attending school, college or other institution of learning at the time of my death expressly and to no others."

Carrie Detwiler, decedent's mother, died on May 1, 1947, thereby requiring a distribution in accordance with the alternate part of the above quoted paragraph.

Apparently, all of the other nephews and nieces do not qualify because none of them have entered a claim to share in the estate.

The decedent's phrase: "attending school, college or

other institution of learning" is an extremely broad one and in my analysis I am content not to narrow it even though the educational system today is not as it was at the time she executed her will. In arriving at a decision, it is stated at the outset that some of the arguments of counsel are without merit where they attempted to imply a limitation by reason of course content, full time versus part time, night school versus day school, and attendance while gainfully employed. The decedent has established no such standards and, therefore, I must disregard what, in effect, is a snobbish or elitist attiude with respect thereto.

Each of the parties who claim an interest oppose the claims of the others, except that there is no opposition to Gary B. Detwiler's claim.

One claimant, Shirley D. Snyder, testified that as of the date of decedent's death she was employed at a senior citizens' center for approximately 20 hours per week; that she had completed one year's schooling at Penn State University in 1945 but had to discontinue her eduction because of marriage. In the spring of 1977, she conferred with a counselor at Penn State University and began preliminary steps to enroll in that university.

In the meantime, the summer of 1977, she enrolled in a course in gerontology, which was a noncredit workshop, but because of the illness of her husband she was unable to participate fully in the program. She also testified that she had another person fill in for her, take notes, etc., on the days that she missed. This workshop was conducted over a two-week period.

The claimant testified that she had not enrolled in the summer session of the university because of the serious illness of her husband and elected to take the workshop because of the lesser demands upon her time. The husband died in the summer of 1977, after which the claimant enrolled in the university for a three-credit course. The limitation on her time was brought about by her desire to ease herself back into an educational program. In the fall of 1977, the claimant took other courses of study.

After a careful consideration of her testimony, it is

concluded that she is not entitled to take a share in this estate because she was not attending a school, college or other institution of learning at the date of death of the testatrix.

Another claimant, Nancy D. Thomas, testified that she attended two community colleges, Edgecombe Technical Institute and Nash Technical Institute, both of Rocky Mount, North Carolina. She attended these schools at night because she worked during the day; in the one she took a course in oral communications and in the other, a course in musical appreciation. One course began in June 1977 and ended in August 1977, and the other began in July 1977 and ended in September 1977. Both schools are accredited by the Southern Association of Colleges and Schools and by the North Carolina State Board of Education. Her testimony was uncontroverted and I find, therefore, that she was enrolled and attending an institution of learning at the date of death of the testatrix and, consequently, she is entitled to share in this estate.

Luke Donald Vande Mark, a nephew and claimant, testified that at the time of the death of the testatrix, he was enrolled and participating in the Resident/Nonresident Program of the U.S. Army Command and General Staff College located in Fort Leavenworth, Kansas.

The claimant is a resident of Stevensville, Pa., and the course in question is a correspondence or nonresident course, of which the claimant had completed 50% of the requirements. This course includes periods of active duty for training in two week intervals and is part of the military reserve requirements for promotion to higher military rank.

The claimant is and was gainfully employed in the Sayre-Athens School Districts of Pennsylvania. He graduated from Pennsylvania State University in June 1961 and obtained a Master's degree in Education from Western Maryland College in 1973.

As stated at the outset of this adjudication, no endeavor would be made to impose a narrow interpretation on the testatrix' words: "attending school, college or other institution of learning," however, with respect to this claimant, I

find that he was, in fact, participating in a correspondence course in a part-time job related activity, namely, military reserve service, for which he was paid, for which he hoped for promotion and expected to obtain a pension.

It would seem fair to state that these goals exist in most if not all educational endeavors, but within the context of the problem before the court, I do not believe a correspondence course comes within the meaning of the testatrix's words.

This, it is held, does not constitute attendance at an educational institution. For any period in which he participated in what might be called the residuary phase of the program he was under military orders. Accordingly, his claim to a share of this estate is denied. In arriving at this conclusion, it is not intended, in any manner, to categorize the nature, type or qualifications of the U.S. Army Command and General Staff College for I am cognizant of the value of the various military academies to the welfare of the country.